UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:05-CR-38 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| DAVID DONALDSON | ) | COLLIER/LEE |

## REPORT AND RECOMMENDATION

### Introduction

Attorney Anthony Martinez, on behalf of defendant David Donaldson, filed a motion to have

a psychiatric/psychological evaluation performed pursuant to 18 U.S.C. §§ 4241, 4242, and 4247

to determine defendant's mental competency to stand trial and sanity at the time of the alleged

offense [Doc. No. 34]. The requested evaluation was not opposed by the government and the motion

for a mental examination and evaluation was granted [Doc. No. 36]. The motion is before the

undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct such evidentiary hearings as deemed

necessary and to issue a report and recommendation as to defendant's mental competency to stand

trial.[1]

Pursuant to 18 U.S.C. §§ 4241, 4242, and 4247, a competency hearing took place on

February 14, 2007. Present at the hearing were AUSA James Brooks for the government, Attorney

Martinez for defendant, and Karen Milliner, Psy. D., who participated by telephone and video

conference. The forensic report concerning defendant prepared by Dr. Milliner was made part of

the record during the competency hearing and, upon oral motion of the defendant granted by the

---

[1] The question of sanity at the time of the offense is a question for the jury.

Court during the competency hearing, was filed under seal.

Defendant has been indicted for allegedly being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1) [Doc. No. 1].

## Evidence

I have considered the forensic report of Dr. Milliner who opines defendant is currently competent to assist counsel in his defense and stand trial, defendant is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense, and defendant was not suffering from a severe mental disease or defect rendering him unable to appreciate the nature and quality or the wrongfulness of his acts at the time of the alleged offense. Defendant offered no proof to the contrary.

At the competency hearing, Dr. Milliner testified about her education, training and experience in conducting forensic evaluations. In addition, Dr. Milliner reiterated the information and conclusions contained in her report. I find it unnecessary to repeat her testimony herein because her report is included in the record and her conclusion that defendant is currently competent to stand trial was not contested by defendant.

## Analysis

**Standard for Mental Competency**

The standard for determining mental competency to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam); *United States v. Branham*,

97 F.3d 835, 855 (6th Cir. 1996). The court must determine whether "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

**Application to Defendant**

In making a recommendation in this case, I have considered the testimony of Dr. Milliner and her expert report. I find defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of proceeding against him." *See Dusky*, 362 U.S. at 402. I find no reasonable cause to believe defendant is suffering from a mental disease or defect which sufficiently impairs his ability "to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). While defendant may be suffering from some form of psychological problem, it does not interfere with his present ability to assist in his defense, especially in light of evidence demonstrating he is malingering and exaggerating the severity of his difficulties. I conclude the evidence is overwhelming and uncontested that defendant is competent to stand trial.

<u>**Conclusion**</u>

Having carefully reviewed the pleadings and the expert's opinion, I **RECOMMEND**[2] the

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7, 106 S. Ct. 466, 472 n.7, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only

Court find defendant is competent to understand the nature and consequences of the proceedings against him, is able to assist in his defense, and therefore is currently competent to stand trial.

s/Susan K. Lee
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).