UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 4:05-CR-38 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| DAVID DONALDSON ) | |

**MEMORANDUM**

Defendant David Donaldson ("Defendant") filed a motion to suppress a statement he allegedly made to an Alcohol, Tobacco, and Firearms ("ATF") special agent on November 21, 2005 (Court File No. 74). The Government responded (Court File No. 81), and the Defendant replied (Court File No. 82). United States Magistrate Judge Susan K. Lee issued a Report and Recommendation ("R&R"), recommending this Court deny Defendant's motion (Court File No. 89). Defendant filed an objection to the R&R (Court File No. 90). The Government filed a notice of no objection to the R&R (Court File No. 91).

This Court will **ACCEPT** and **ADOPT IN PART** the magistrate judge's R&R and will **DENY** Defendant's motion to suppress based upon the Fifth Amendment. The Court refrains from making a determination as to whether Defendant's Sixth Amendment right to counsel was violated because the parties did not fully argue and the R&R did not fully address whether and to what extent the dual sovereignty doctrine applies to Defendant's Sixth Amendment claim. The Court will **ORDER** both parties to file briefs addressing the relevance of the dual sovereignty doctrine with the magistrate judge for further consideration.

## I. FACTS

Defendant states "[t]he facts underlying [Defendant's] motion are not in dispute and are accurately reflected in the Magistrate Judge's recitation in the Report and Recommendation" (Court File No. 90, p. 2). Similarly, the Government raised no objections to the facts recited in the R&R (Court File No. 91). As such, the Court adopts the undisputed factual findings of the Magistrate Judge (Court File No. 89, pp. 1-4).

## II. STANDARD OF REVIEW

In reviewing the R&R of a magistrate judge, the district court judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

In an interrogation by ATF Special Agent Stephen Gordy ("SA Gordy"), Defendant denied firing the gun in question, but admitted throwing it into the woods. Defendant now seeks to suppress his admissions in that interrogation from being used against him in relation to his federal felon in possession of a firearm charge, 18 U.S.C. § 922(g)(1). Defendant argues his interrogation violated his rights under the Fifth and Sixth Amendments to the Constitution of the United States of America, and thus his admission is inadmissible.

### A. Alleged Fifth Amendment Violation

The Fifth Amendment protects a person from being compelled to incriminate himrself. *See, e.g.*, *Miranda v. Arizona*, 384 U.S. 436, 467 (1966). Because of the pressures and psychological stress exerted on those in custody, officers of the law are required to adequately and effectively apprise such individuals of their rights and must fully honor their decision should they seek counsel before answering questions. *Id.* If an individual agrees to answer questions without counsel, the officer can then question the individual freely. *Davis v. United States*, 512 U.S. 452, 458 (1994). However, if the individual requests counsel, at any time, the officer must cease his questioning and wait until the individual's lawyer is present. *Id.* Once the individual requests counsel, he cannot be questioned again while in custody on any offense. *Id.* However, "[t]he mere fact that the government is aware that a suspect has an attorney, or is soon to have one, does not unambiguously assert the suspect's right to deal exclusively with the police through counsel during custodial interrogation." *United States v. Suarez*, 263 F.3d 468, 483 (6th Cir. 2001) (*citing McNeil v. Wisconsin*, 501 U.S. 171, 177-182 (1991)).

Here, SA Gordy read a *Miranda* warning to Defendant prior to interviewing him (Court File No. 89, p. 3). Defendant has not disputed the sufficiency of this *Miranda* warning to inform him of his rights (*see id.*, n.2). Defendant also does not assert he requested counsel at this interview, or that he did so at a previous custodial interview (*see* Court File Nos. 86, p. 7; 90, p. 9) - i.e. Defendant does not argue he expressly invoked his Fifth Amendment right, as is required by law. *See McNeil*, 501 U.S. at 176-77; *Suarez*, 263 F.3d at 482-83 (*citing Edwards v. Arizona*, 451 U.S. 477, 484 (1981)) (A suspect facing a custodial interrogation must request the assistance of counsel in a way indicating the suspect's "desire to deal with the police only through counsel.")

Instead Defendant argues, by obtaining counsel for his state claims, an exercise of his Sixth

3

Amendment right, he implicitly asserted his Fifth Amendment, *Miranda* right (Court File No. 90, pp. 8-9). Thus, Defendant reasons, because he had counsel at the time for his state offense, Defendant did not need to request counsel expressly at the custodial interrogation with SA Gordy to invoke his Fifth Amendment right (*id.*).

The Supreme Court has specifically rejected Defendant's theory of implicitly asserting one's Fifth Amendment right by already having counsel. *McNeil*, 501 U.S. at 180-81. To invoke his Fifth Amendment right, a defendant must make "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney *in dealing with custodial interrogation by the police.*" *Id.* at 178. The Supreme court continued: "[t]here remains to be considered the possibility that, even though the assertion of the Sixth Amendment right to counsel does not in fact imply an assertion of the *Miranda* "Fifth Amendment" right, we should declare it to be such as a matter of sound policy. Assuming we have such an expansive power under the Constitution, it would not wisely be exercised." *Id.* at 180. Because Defendant does not argue he asserted a desire for counsel at the interrogation with SA Gordy, and because the Supreme Court has expressly rejected Defendant's theory of an implied assertion by having counsel for his state offense, *see id.* at 181, the Court will **ACCEPT** and **ADOPT IN PART** the magistrate judge's R&R (Court File No. 89, pp. 11-17), and will **DENY IN PART** Defendant's motion to suppress based upon the Fifth Amendment (Court File No. 74).

### B. Alleged Sixth Amendment Violation

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Constitution. amend. VI. The Sixth Amendment is offense-specific, meaning invoking one's right to counsel for one offense does

4

not constitute invoking that right for all other offenses. *McNeil*, 501 U.S. at 177. However, invoking the Sixth Amendment for one offense invokes it for subsequent offenses, even when those offenses have not yet been charged, if they constitute the same offense. *Texas v. Cobb*, 532 U.S. 162, 173 (2001).

Here, Defendant was appointed counsel for his state offense of being a felon in possession of a firearm. SA Gordy questioned Defendant concerning a federal felon in possession of a firearm offense. The Court must consider two issues. First, the Court must determine whether these two offenses are different offenses. This determination is made under the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Cobb*, 532 U.S. at 172-73. If the offenses are different, Defendant's Sixth Amendment right to counsel, which he invoked for his state offense, would not extend to his federal offense, and introduction of his statement would not be barred by the Sixth Amendment. *See Cobb*, 532 U.S. at 169. As explained below, the Court finds the offenses are not distinguishable under the *Blockburger* test.

Second, since Defendant's offenses are the same,[1] the Court must determine whether the dual sovereignty doctrine renders Defendant's Sixth Amendment claim inapplicable here. If the dual sovereignty doctrine applies, Defendant's assertion of his Sixth Amendment right in the state offense may not constitute an assertion of that right in the federal offense. Because the parties and magistrate judge have not fully addressed this issue, the Court is unable to make a determination.

### 1. *Blockburger* Test

---

[1] If Defendant's state and federal offenses were different under the *Blockburger* test, Defendant's Sixth Amendment argument would fail and this Court would not need to further consider any dual sovereignty issues.

The Court must determine whether the state offense for felon in possession of a firearm is a different offense than the federal offense for felon in possession of a firearm. The United States Supreme Court held "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.

The elements of the state offense, Tenn. Code Ann. § 39-17-1307(b)(1), are as follows:

A person commits an offense who possess a handgun and:
(A) Has been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon; or
(B) Has been convicted of a felony drug offense.

The elements of the federal offense, 18 U.S.C. § 922(g)(1), are as follows:

(1) the defendant has a previous felony conviction;
(2) the defendant possessed a firearm; and
(3) the firearm traveled in or affected interstate commerce.

*United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007).

To be determined different offenses under *Blockburger*, *each* offense must require proof of a fact which the *other* does not. Here, the federal statute requires proof of an additional fact. It requires the firearm to have traveled in or affected interstate commerce, 18 U.S.C. § 922(g)(1). There is no similar requirement in the Tennessee statute, *see* Tenn. Code Ann. § 39-17-1307(b)(1).

The state offense, however, does not require any proof which is not required by the federal offense in this case. The state offense requires the possession of a handgun, which also satisfies the more general "firearm" requirement of the federal statute. The state offense also requires a prior felony involving violence or drugs; the federal offense also requires a prior felony.

The government takes issue with the fact that the state elements (requiring a handgun and

6

a previous felony involving violence or drugs) are more specific than the federal elements (requiring any type of firearm and any previous felony) (Court File No. 87, p. 8).  Thus, in one sense, the state offense requires proof of additional facts the federal statute does not, e.g. the state offense requires the firearm was specifically a handgun.  However, the *Blockburger* test only permits this Court to consider offense elements which are present in the law's application to the specific factual circumstances before the Court.  The *Blockburger* test does not permit distinguishing offenses based upon alternative elements which are not at issue.  *United States v. Callanan*, 810 F.2d 544, 547 (6th Cir. 1987) (*citing Pandelli v. United States*, 635 F.2d 533, 537 (6th Cir. 1980)) ("[C]ourts must look to the specific offense at issue in a case concerning a statute with alternative elements.")  The federal offense requires possession of a firearm, which is to say, possession of a handgun, rifle, shotgun, or any other implement of destruction which can be construed as a firearm.  In Defendant's case, the federal firearm requirement is satisfied by possession of a handgun, rather than possession of another type of firearms, and thus mirrors the state requirement.  Similarly, the state offense, requiring a prior felony involving violence or drugs, is identical to the broader federal felony offense, satisfied by any felony, when applied to Defendant.  *Cf. Whalen v. United States*, 445 U.S. 684, 693-94 (1980) (There, the Court considered a rape offense and an offense for killing in the course of rape, robbery, kidnaping, or arson.  The Court ignored the alternative requirements of robbery, kidnaping, and arson, and deemed the offenses inseparable under the *Blockbuster* test because every requirement of the rape charge was included in the charge for killing in the course of rape, when the latter statute was applied in a rape case).

Because the state offense does not contain any elements which are not required by the federal offense, the offenses are not distinguishable under the *Blockburger* test.  *See Blockburger*, 284 U.S.

at 304.

### 2. Dual Sovereignty Doctrine

Although Defendant's state and federal charges qualify as the same offense under the *Blockburger* test, they were brought by different sovereigns, i.e. the state government of Tennessee and the United States federal government. In the R&R, the magistrate judge asserted the dual sovereignty doctrine "provides that identical offenses under the respective laws of separate sovereigns do not constitute the same offenses under the Double Jeopardy Clause of the Fifth Amendment" (Court File No. 89, p. 10). Since the Supreme Court has stated there is "no constitutional difference between the meaning of the term "offense" in the contexts of double jeopardy and the right to counsel," *Cobb*, 532 U.S. at 173, the Sixth Amendment right to counsel may also adopt the dual sovereignty doctrine in distinguishing offenses. If it does, Defendant's state and federal offenses would be separate. As a result, invoking his Sixth Amendment right, which is offense-specific, for the state offense would not invoke it for the federal offense.

The United States Court of Appeals for the Sixth Circuit has not yet addressed this issue, and there is a split among the circuit courts whether the dual sovereignty doctrine is applicable to the Sixth Amendment right to counsel. *Cf. United States v. Alvarado,* 440 F.3d 191, 196-97 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 81 (2006) (holding the dual sovereignty doctrine was applicable to the Sixth Amendment right to counsel); *United States v. Coker*, 433 F.3d 39, 43-44 (1st Cir. 2005) (accord); *United States v. Avants*, 278 F.3d 510, 518 (5th Cir. 2002), *cert. denied*, 536 U.S. 968 (2002) (accord); *with United States v. Mills*, 412 F.3d 325, 330 (2d Cir. 2005) (rejecting the application of the dual sovereignty doctrine to the Sixth Amendment right to counsel); *United States v. Red Bird*, 287 F.3d 709, 715-16 (8th Cir. 2002) (accord).

The Court refrains from making a determination as to whether Defendant's Sixth Amendment right to counsel was violated because the parties did not fully argue and the R&R did not address whether and to what extent the dual sovereignty doctrine applies to Defendant's Sixth Amendment claim. The Court will **ORDER** both parties to file briefs addressing the relevance of the dual sovereignty doctrine with the magistrate judge for further consideration.

## IV. CONCLUSION

Defendant moved the Court to suppress the statements he made to SA Gordy, concerning his possession of a firearm, based upon alleged violations of his Fifth and Sixth Amendments (Court File No. 74). The magistrate judge issued an R&R, denying Defendant's motion to suppress based on the Fifth and Sixth Amendments, and Defendant objected. This Court will **ACCEPT** and **ADOPT IN PART** the magistrate judge's R&R in denying Defendant's motion to suppress based upon the Fifth Amendment. The Court refrains from making a determination as to whether Defendant's Sixth Amendment right to counsel was violated because the parties did not fully argue and the R&R did not fully address whether and to what extent the dual sovereignty doctrine applies to Defendant's Sixth Amendment claim. The Court will **ORDER** both parties to file briefs addressing the relevance of the dual sovereignty doctrine with the magistrate judge for further consideration.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**